STATE, AT THE RELATION OF McGEE, Appellant, *vs.* KING, Respondent.

1. In the act of 1849, organizing McDonald county, which provided for the immediate election of county officers "to serve until the general election," the words "general election" refer to the next general election for officers throughout the state, in August, 1850, and not to the several elections of the same county officers in other counties of the state.

*Appeal from McDonald Circuit Court.*

*Hayden* and *Edwards*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

This was a proceeding in the Circuit Court of McDonald county, in the name of John T. Coffee, as circuit attorney, upon the relation of Burton McGee, against John B. King, upon a *quo warranto.*

The facts appear substantially as follows : An act of the legislature was passed in 1849, organizing the county of Mc-

Donald, which required all the county officers to be elected by the qualified electors of said county, in the manner specified by said act. The seventh section of the act declares, " that Burton McGee is hereby appointed superintendent of said election ;. and after taking an oath, before some lawful officer authorized to administer an oath, to discharge the duties imposed upon him by this act, shall proceed to give public notice, at least twenty days previous to said election in the respective townships, by putting up three advertisements in three of the most public places in the township, of the time and place of such election," for the purpose of electing county officers, " *to serve until the general election*," and until their successors are duly elected and qualified. Laws of Missouri, 1849, page 31. Under the provisions of this act, an election was held in May, 1849, and Burton McGee, the relator, was then elected to the office of clerk of the Circuit Court for said county ; that he gave the necessary bonds and took the oath required, and entered upon the duties of said office.

It appears that, at the general election in 1850, on the first Monday in August, John B. King, the respondent, was elected clerk of said Circuit Court ; that he afterwards entered into the necessary bonds and took the oath of office.

The relator, McGee, contended, that the " general election," mentioned in the seventh section of the act organizing the county as above set forth, means, in regard to the office of clerk, the " general election" of clerks, established by the act regulating clerks, passed in 1845, (R. C. 1845, p. 200,) and consequently, he was elected to serve until the general election for clerks in August, 1853.

The respondent, King, contends, that the words " general election" in the act aforesaid, refer to the general election for officers throughout the state, then approaching, and which took place on the first Monday in August, 1850, and consequently, the term for which McGee had been elected, would then expire. The Circuit Court decided in favor of King, the respondent, and gave judgment for him against the relator. It becomes

State *v.* King.

important, then, to ascertain, if we can, what general election was meant by the legislature, in the law organizing said county.

1. The state constitution, article third, section eight, provides that, after the first day of January, 1822, all general elections shall commence on the first Monday in August, and shall be held biennially, &c.

The act to regulate elections, passed in March, 1845, provides for the general election of governor and lieutenant governor, on the first Monday in August, 1848, and every four years thereafter ; and provides for the election of representatives on the first Monday in August, 1846, and every two years thereafter ; and for the election of senators in those districts, and for justices of the county courts in those counties, where the terms of those elected have expired, and for the election of sheriffs and coroners.

The act regulating clerks declares, " that the qualified voters in each county shall, on the first Monday in August, every sixth year, after the year 1841, ' except as hereinafter excepted,' elect a clerk of the Circuit Court, and a clerk for the county court for their respective counties," &c. It also declares, " when there shall be a clerk in any county of this state, whose term of service commences and ends at a time different from that of those clerks who were elected at the last general election for clerks, in 1841, the qualified voters of such county shall, every six years from the time such clerk was first elected, hold an election for clerk."

These are all the provisions of our law which have relation to this subject. The words, " to serve until the general election," in the seventh section of the act organizing the county of McDonald, obviously embrace the idea of the " next" or " first " general election, subsequent to the special election authorized by the act. We can easily, without doing violence to the meaning, supply one of these words ; let us put the word "next" before the words " general election ;" the phrase will then be, " to serve until the next general election." When

did that event happen after the passage of the organizing act aforesaid? The answer must be, in August, 1850. Then the county officers of McDonald county, were elected in May, 1849, to serve until the "general election," or the "next general election," which is the same thing; and that general election was, by the existing law, to take place in 1850. But the relator contends, that the "next general election" alludes to that general election fixed by law, for each distinctive office. For sheriff, for instance, in August, 1850; so, likewise for coroner, justice of the peace, and many others; but as there was a law fixing the first Monday in August, 1841, and the first Monday in the same month every sixth year thereafter for the general election of clerks of the courts, the act alludes to the general election which will take place in 1853, for clerks, and not the next general election, or that one which was first to follow the special election in May, 1849.

In order to give the words "general election" in the act this construction, we must make important, and, in our opinion, unwarranted additions to its present phraseology. We must separate the offices and then look to the next approaching general election for each distinctive office. We must pass by two general elections, one on first Monday in August, 1850, and the other on first Monday in August, 1852, and look to the general election for clerks in August, 1853.

In the opinion of this court, there is nothing in the phraseology of the act authorizing this construction. The legislature has, hitherto, not manifested any desire to have the elections of clerks throughout the state upon the same day. It has expressly provided that, where a clerk shall be elected at a period differing from the general election in 1841, and 1847, then the voters shall, in such county, elect the clerk at the end of his term of six years. Again, the legislature might, if they desired to have the newly made officers in McDonald hold their term longer than to the general election in August, 1850, easily have made the words of the statute declare such inten-

State *v.* Ewing.

tion. Upon the whole case, then, we see nothing requiring the interference of this court with the judgment of the court below. Let, the judgment, therefore, be affirmed.